**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

CLARKSON S. FISHER
FEDERAL BUILDING
402 EAST STATE STREET
ROOM 341
TRENTON, NJ 086080
(609) 989-0502

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

January 7, 2008

Re:     **Nancy Nuzzi v. Aupaircare, Inc. and Fran Kurz**
         No. 07-3968

Dear Parties,

Currently before the Court is Defendants, Aupaircare, Inc. and Fran Kurz's ("Defendants") motion to dismiss for lack of jurisdiction or in the alternative, compel arbitration. Plaintiff, Nancy Nuzzi ("Plaintiff") opposes the Defendants' motion. For the reasons expressed below, the Defendants' motion is granted.

**I.     Background**

The Defendant, Aupaircare, Inc. ("APC") is a California corporation with its headquarters located in San Francisco, California. APC aims to provide families throughout the country with au pairs to assist in childcare. The corporation is governed by the United States Department of State and must comply with specific guidelines and regulations promulgated by the government. The majority of APC's employees work out of their homes across the country.

The Defendant, Fran Kurz ("Kurz") has been an employee of APC since October 1993 and has served as the Mid-Atlantic Regional Manager since January 2001. As regional manager, Kurz is responsible for a variety of tasks such as developing and maintaining the program within her region, managing the budget, and coordinating the placement and supervision of the au pairs.

In June 2004, APC hired Plaintiff as an independent contractor for the position of Community Coordinator. Plaintiff entered into a contractual agreement with APC, which stated in relevant part:

> This Agreement shall be governed and construed in accordance with the laws of the State of California and any claims or disputes disputes arising out of, or related to this Agreement will be determined by binding arbitration upon the petition of either party in San, Francisco, California.

(Def. Brief, Ex. D).  In June 2005, Plaintiff became an employee of APC as an Area Director. Plaintiff entered into another employment agreement, which was then renewed in 2006 and 2007. Each of the three agreements she signed contained the above-stated choice of law and arbitration provision.

Plaintiff became pregnant and informed Kurz in September 2006 that she could be taking a maternity leave.  Plaintiff began her maternity leave on February 1, 2007 with the intention of returning to work in eight weeks.  Shortly before the end of her maternity leave, Plaintiff notified Kurz that she would need an additional four weeks of leave and would return in May 2007. APC, however, terminated Plaintiff's employment on April 4, 2007, due to performance issues.

Plaintiff maintains that Kurz made repeated comments about the difficulties Plaintiff would face in handling her job responsibilities and personal childcare matters and asserts that she was terminated because she became pregnant.  Plaintiff admits, however, that she received a letter in November 2006 from Kurz outlining her professional performance deficiencies, but regards APC's justification for her termination as pretextual.  Plaintiff subsequently filed the instant lawsuit on May 16, 2007, in the Superior Court of Somerset Count, New Jersey.  On August 17, 2007, the Defendants removed the action to this Court.

The Defendants move to dismiss the action or in the alternative, compel arbitration, on the grounds that the choice of law and arbitration provision in the employment agreement are enforceable.  In response, Plaintiff argues that this Court has jurisdiction over the Defendants and that venue is proper in this Court because the choice of law provision in Plaintiff's employment agreement does not apply and is unenforceable.

## II.     Discussion

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[1]  The substantive law identifies which facts are critical or "material."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue

---

[1] The Court treats this motion as a motion for summary judgment pursuant to Fed. R. Civ. P. 56 because it wishes to consider matters outside the pleadings.  See Fed. R. Civ. P. 12(b). See, e.g., Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996); see also Scott v. Graphic Comm. Int'l Union, Local 97-B, 92 Fed. Appx. 896, 902-03 (3d Cir. 2004) (finding that district court's treatment of motion to dismiss as motion for summary judgment was proper because motion was brought in the alternative and thus, plaintiff was on adequate notice that motion might be considered on summary judgment standard).

of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine, fact issue compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, the non-moving party cannot rely on bare assertions or conclusory allegations to support his affirmative claims. See, e.g., Morales v. Busbee, 972 F. Supp. 254, 259 (D.N.J. 1997). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " Matsushita, 475 U.S. at 587 (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

In evaluating whether a contractual choice-of-law clause is enforceable, federal courts sitting in diversity apply the choice-of-law rules of the forum state. *See Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 131 (3d Cir. 2002). Under New Jersey law, which mirrors the choice-of-law rules set forth in the Restatement (Second) of Conflict of Laws § 187,

> [A] choice of law provision will not be honored: (1) if the state chosen has no substantial relationship to the parties or the transaction [and there is no other reasonable basis for the parties' choice]; or (2) application of the law chosen would conflict with a fundamental public policy of a state having a greater interest in a determination of a particular issue and [the law] of such state would be applicable in the absence of the choice of law provision under the governmental-interest analysis.

*Prudential Ins. Co. of Am. v. Nelson*, 11 F. Supp. 2d 572, 578 (D.N.J. 1998); *see also* Restatement (Second) of Conflict of Laws § 187 (1971).

The Court finds that the choice-of-law provision in the employment contract is unambiguous. Plaintiff freely entered into the employment agreement specifying that any claims or disputes arising out of the employment agreement shall be governed by California law and determined by arbitration in San Francisco, California. The choice of law provision was clearly stated in each of the employment agreements Plaintiff signed. Furthermore, the provision was set forth in the last section of the contracts, right before the signature lines; thus, the provision was not lost in the other terms of the agreement and it would be impossible for Plaintiff to not have seen it.

Plaintiff maintains that the provision is unenforceable because New Jersey public policy requires New Jersey residents employed in New Jersey to be protected by the New Jersey Law Against Discrimination ("NJLAD") and that California anti-discrimination law, the Fair Employment and Housing Act ("FEHA"), imposes a substantial burden on Plaintiff to assert her discrimination claim that she is not subjected to under the NJLAD.

The Court rejects Plaintiff's contention. Merely because Plaintiff is a New Jersey

3

resident does not mean the NJLAD trumps California law nor does it vitiate the choice-of-law or arbitration provision in the contract. A New Jersey resident can contract for different state law to be applicable to her claims, even if the claims implicate New Jersey law. Plaintiff's status as a New Jersey resident does not relieve her of her contractual obligations with APC. California does bear a substantial relationship to the parties since APC is incorporated and headquartered in that state, and the Court finds that California is not so inconvenient of a forum as to deprive Plaintiff of her right to assert discrimination claims.

Further, the fundamental policy behind California's employment discrimination laws is the same as New Jersey's — to protect the states' residents from employment discrimination. Moreover, application of California law does not deprive Plaintiff of any remedy. On the contrary, if Plaintiff prevailed in under FEHA, the same relief would be available to her as the relief provided under New Jersey law. Therefore, the Court finds that the choice of law provision contained in Plaintiff's employment contract is valid and enforceable.

Accordingly, the Court grants Defendants' motion to for summary judgment and Plaintiff's complaint is dismissed. An appropriate order follows.

.                                                                                  /s/ JOEL A. PISANO
                                                                                    United States District Judge